# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

PATRICIA ANN BROWN                                                         PETITIONER

V.                                                             No. 3:18CV00148-M

COMMISSIONER OF THE MISSISSIPPI
DEPARTMENT OF CORRECTIONS, ET AL                   RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the petition of Patricia Ann Brown (Brown) for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded with a motion to dismiss. The court has considered the motion and response, as well as the relevant case law and evidence. The court is now prepared to rule.

## Facts and Procedural Posture

Petitioner Patricia Ann Brown (Brown) is in the custody of the Mississippi Department of Corrections ("MDOC") and is currently housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. On April 9, 2008, Brown was convicted of possession of cocaine, in an amount greater than .10 gram, but less than 2 grams, in the Circuit Court of Pontotoc County, Mississippi. On April 10, 2008, the circuit court sentenced Brown to life imprisonment as a habitual offender pursuant to Mississippi Code Annotated Section 99-19-83, without eligibility for parole or probation, to be served in the custody of the MDOC. It should be noted that Mississippi Code Annotated Section 99-19-83 was amended in 2014.

Brown filed petitions for post-conviction relief in state court on the following dates: November 1, 2013; October 8, 2015; and January 22, 2016. On November 6, 2017, Brown made her present claim in the Mississippi Supreme Court by filing an Application to Proceed in Trial

Court for Post-Conviction Relief. *See* Application to Proceed in Trial Court for Post-Conviction Relief. The application alleges that the pre-2014 Miss. Code Ann. Sec. 99-19-83 is unconstitutionally vague, as determined by *Johnson v. United States*, 135 S.CT. 2551 (2015). Upon the United States Supreme Court's handing down the decision in *Sessions v. Dimaya*, 138 S.CT. 1204 (2018), Brown augmented her application in state court by filing a letter, dated April 2018, with the Mississippi Supreme Court.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2254

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right to the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of

the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

## Discussion

Brown makes four arguments to support her claim that her petition is timely. Her first argument states that because of applicable tolling periods, the one-year statute of limitations, measured from the date of the decision in *Johnson v. United States*, has not expired. Second, she argues, in the alternative, that the one-year statute of limitations begins to run from the date of the decision in *Sessions v. Dimaya*. Brown's third argument is that under the rationale of *Johnson and Dimaya*, the pre-2014 Miss. Code Ann. § 19-19-83, under which Brown was sentenced, is unconstitutionally vague. Her final argument is that as applied to the facts of this case, and on its face, 28 U.S.C. § 2244(d)(1) of the AEDPA is unconstitutional.

The Commissioner of the Mississippi Department of Corrections argues Brown is not subject to a habeas claim for two reasons. First, the United States Supreme Court's holding in *Johnson* is tailored only to the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. 924(e)(2)(B)(ii), and thus not applicable to Brown. Second, Brown is time-barred by 28 U.S.C. § 2244(d)(1) (ADEDPA).

However, the ultimate claim made by Brown to overcome her timeliness issue is that armed robbery is not a crime of violence, thus not a predicate offense for pre-2014 Miss. Code Ann. § 19-19-83. To challenge the armed robbery offense that she was found guilty of in 1988, Brown must overcome at least one of the following exceptions established in 28 U.S.C. § 2244(d)(1) and (2):

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Brown's timeliness argument is based on 28 U.S.C. § 2244(d)(1)(C) and (2). The court will first address 28 U.S.C. § 2244(d)(2), which concerns tolling. The court finds that tolling is not applicable. Brown's four post-conviction relief applications were time barred, thus none of the four post-conviction relief applications can be used to toll. Because the state court rejected petitioner's PCRA petition as untimely, it was not "properly filed," and he is not entitled to statutory tolling under § 2244(d)(2). *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005).

The court will now examine *Johnson*, under 28 U.S.C. § 2244(d)(1)(C) to determine the applicability of *Johnson* to Brown, comparing the ACCA's residual clause (18 U.S.C. 924(e)(2)(B)(ii)), which was found unconstitutional, to the pre-2014 Miss. Code Ann. § 19-19-83, which Brown was sentenced under. If *Johnson* does not apply, the court will have no need to address timeliness. Second, the court will briefly address the United States Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019) and the constitutionality of AEDPA.

I. ***Johnson v. United States* is not applicable to pre-2014 Miss. Code Ann. § 19-19-83**

For Brown to first initiate a habeas claim, she must demonstrate that the United States Supreme Court's ruling in *Johnson* is applicable to her case. In *Johnson*, the court held that the residual clause found in 18 U.S.C. 924(e)(2)(B)(ii) was unconstitutionally vague. *Id*. at 2563. The clause read "or otherwise involves conduct that presents a serious potential risk of physical injury to another;" 18 U.S.C. 924(e)(2)(B)(ii). Justice Scalia, in in his *Johnson* opinion, identified two "features" of the residual clause that make it unconstitutionally vague. *Id*. at 2557.

The Court found the residual clause "unconstitutionally vague because it left grave uncertainty" about both "how to estimate the risk posed by a crime" and "how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2557-58. The Court further found that, for the purposes of the ACCA, "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557. It should be noted that though the court found the residual clause of the ACCA unconstitutional, it did not "call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony" found in the ACCA. *Id*. at

2563. The four enumerated crimes are "burglary, arson, extortion, and crimes involving the use of explosives." *Id.* at 2558. *Johnson* limits the ACCA's unconstitutionality only to the residual clause. *Id* at 2563.

In *Sessions v. Dimaya,* the Court looked to *Johnson* to determine features that make a residual clause unconstitutionally vague. The court found that *Johnson* identified two: "an ordinary-case requirement and an ill-defined risk threshold-combined in the same constitutionally problematic way." Id. at 1223.

Thus, for Brown to argue that the pre-2014 Miss. Code Ann. § 19-19-83 is unconstitutionally vague, she must demonstrate there is a residual clause sufficiently similar to the ACCA's or meet the threshold of the two features from *Johnson* cited in *Dimaya*. Failure to do so precludes her habeas claim.

The court will now examine the pre-2014 Miss. Code Ann. § 19-19-83 and 18 U.S.C. 924(e)(2)(B) for identical closeness and to determine if the pre-2014 Miss. Code Ann. § 19-19-83 contains the two features found in *Johnson* that were used to hold a residual clause unconstitutionally vague. In the pre-2014 Miss. Code Ann. § 19-19-83 the statute stated the following:

> "Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole, probation."

6

Miss. Code Ann. § 19-19-83. The ACCA in 18 U.S.C. 924(e)(2)(B) stated the following:

>**(B)** the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
>**(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>**(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;"

18 U.S.C.A. § 924.

After examination of the statutes and relevant cases, the court finds that the pre-2014 Miss. Code Ann. § 19-19-83 lacks a residual clause that is substantially similar to that of the 18 U.S.C. 924(e)(2)(B)(ii)'s residual clause. Furthermore, applying *Johnson* to the statute, the court does not find that the statute invited arbitrary enforcement by the judge when he sentenced Brown. The judge was not presented with an ordinary case requirement and ill-defined risk threshold-combined in the same constitutionally problematic way. Brown was convicted for armed robbery. Armed robbery is a crime of violence. Violence is an element of armed robbery. Mississippi defines armed robbery to be:

>"Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery..."

Miss. Code. Ann. § 97-3-79. The statute's definition clearly presented objective requisites to be found guilty of armed robbery, which were applied to Brown through accomplice liability. Under Mississippi law, "Every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such..." Miss. Code. Ann. § 97-1-3. Thus, any argument made by Brown regarding not being inside of the structure during the armed robbery is irrelevant because she was deemed a principal under Miss. Code. Ann. § 97-1-3 and as a result, guilty of armed robbery.

### *United States v. Davis* is not applicable

*Davis* holds that the residual clause in 18 U.S.C. Section 924(c)(3)(B) is unconstitutional for being vague. 139 S. Ct. 2319, 2336 (2019). However, *Davis* is not applicable to the case before this court. Precedent, as well as common sense, holds that armed robbery, which Brown committed, is a crime of violence. Thus, this court will not apply *Davis*.

### Constitutionality of AEDPA

Brown argues that AEDPA is unconstitutional. The court disagrees. The Fifth Circuit in *Turner v. Johnson* held that AEDPA's one-year period of limitations on federal habeas petitions did not violate the Suspension Clause, by allegedly rendering habeas remedy inadequate or ineffective. 177 F.3d 390 (5th Cir. 1999). Furthermore, the Fifth Circuit has held that "28 U.S.C. § 2254(d)(1) does not intrude on the independent adjudicative authority of the federal courts. Rather, it limits the grounds on which federal courts may grant the habeas remedy to upset a state conviction." *Cobb v. Thaler*, 682 F.3d 364, 374 (5th Cir. 2012). Likewise, the argument has been rejected that §2254(d)(1)'s limitation to "clearly established" Supreme Court precedent violates Article III or the separation of powers, and the "unreasonable application" limitation in § 2254(d)(1) does not violate Article III, the separation of

powers, or the Supremacy Clause. *Evans v. Thompson*, 518 F.3d 1, 5-12 (1st Cir. 2008). Thus, the AEDPA's provisions have withstood such challenges outlined by Brown in her memorandum.

## Conclusion

For the reasons set forth above, the State's motion to dismiss will be ***granted*** and the instant petition for a writ of *habeas corpus* will be ***denied***. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 23rd day of August, 2019.

>**/s/ MICHAEL P. MILLS**
>**UNITED STATES DISTRICT JUDGE**
>**NORTHERN DISTRICT OF MISSISSIPPI**